**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

DARRYL JOHNSON,

        Petitioner,

    v.                                               92-CR-0159A
                                                       97-CV-0336A

UNITED STATES OF AMERICA,         **DECISION AND ORDER**

        Respondent.
_____

        In 1995, Petitioner pled guilty to organizing and participating in three murders, attempting seventeen more, kidnapping, and cocaine distribution. Following his guilty plea, Judge Curtin sentenced Petitioner to five consecutive life sentences and three concurrent life sentences. In 2001, Judge Curtin dismissed Petitioner's § 2255 petition and denied a certificate of appealability. *See* Docket No. 1092. The Second Circuit likewise denied Petitioner's motion for a certificate of appealability and dismissed Petitioner's appeal of Judge Curtin's decision. *See* Docket No. 1095.

        Fourteen years have passed. Petitioner has now moved for relief from Judge Curtin's 2001 decision pursuant to Federal Rule of Civil Procedure 60(b)(6). Petitioner asserts that Judge Curtin "failed to acknowledge, address and/or entertain the constitutional claims" in Petitioner's § 2255 petition. Docket No. 1321 at 4.

        Petitioner's motion is untimely. Federal Rule of Civil Procedure 60(c)(1) states that a Rule 60(b) motion "must be made within a reasonable time." Whatever a "reasonable time" might be under Rule 60(c)(1), it is without question far less than the nearly decade-and-a-half that has elapsed since Judge Curtin issued the decision Petitioner now seeks to reopen. *See Zulu v. Ruth*, 622 F. App'x 55, 56 (2d Cir. 2015)

(affirming denial of Rule 60(b)(6) motion where motion "was not filed until five years after the challenged award of summary judgment and more than three years after . . . settlement"); *United States v. Wood*, 2014 WL 2766125, at *2 (E.D. Va. June 18, 2014) (finding a Rule 60(b) motion to reopen a § 2255 petition untimely where "nearly twelve years [passed] after the Court denied [petitioner's] section 2255 motion," and where petitioner "provides no reason for this extreme delay"); *Pimentel v. United States*, Nos. 96 Civ. 5891 (JFK), 91 CR. 83 (JFK), 2008 WL 2151796, at *6 (S.D.N.Y. May 21, 2008) (finding that a nine-year delay in seeking to reopen a habeas decision was unreasonable for purposes of Rule 60). The Court therefore concludes that Petitioner's fourteen-year delay in filing his motion was not "reasonable."

Moreover, Petitioner provides no reason for his lengthy delay in seeking to reopen Judge Curtin's decision. He makes a conclusory argument that "his motion was in fact brought within a 'reasonable time' and immediately following his pursuit of additional remedies aimed at proving his actual innocence." Docket No. 1326 at 1. The Court finds no support for this statement in the record. Further, nothing in Petitioner's motion suggests that the grounds for his motion only recently became available. To the contrary: Petitioner argues that Judge Curtin's decision failed to address certain "constitutional claims [that] were squarely raised" by Petitioner's § 2255 petition. Docket No. 1321 at 4. Petitioner also asserts that Judge Curtin erred in denying Petitioner's request for an evidentiary hearing. Both of these alleged issues were (or should have been) known to Petitioner at the time Judge Curtin issued his decision.

Petitioner next argues that "his actual innocence serves as a gateway to excuse any such limitations which may be considered unreasonable by virtue of the timing

2

between the final order sought to be reopened and the instant motion for reopening." Docket No. 1326 at 2. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass" when his habeas petition is otherwise subject to dismissal by reason of "expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The Court assumes for purposes of this decision that a federal habeas petitioner may invoke actual innocence to excuse an untimely Rule 60(b) motion. *See Rivas v. Fischer*, 687 F.3d 514, 517-18 (2d Cir. 2012) (observing that "[t]he Supreme Court has recognized that a 'credible' and 'compelling' claim of actual innocence may provide a 'gateway' through other procedural barriers to habeas relief," and holding that a credible claim of actual innocence "warrants an equitable exception to AEDPA's limitation period"). The Court also assumes that a habeas petitioner who was convicted as a result of a guilty plea, rather than at trial, may invoke the actual innocence exception.

The actual innocence exception is "demanding and permits review only in the extraordinary case." *House v. Bell*, 547 U.S. 518, 538 (2006) (quotation marks omitted). Thus, a habeas petitioner invoking actual innocence must make a claim that is "both credible and compelling." *Rivas*, 687 F.3d at 541. An actual innocence claim is "credible" when it is "supported by 'new reliable evidence . . . that was not presented at trial.'" *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). And an actual innocence claim is "compelling" where it is "'more likely than not [that], in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt.'" *Id.* (citing *House*, 547 U.S. at 538).

Petitioner has not satisfied either requirement of the actual innocence exception: he identifies no "new evidence" supporting his claim, and he is therefore unable to show that it is "more likely than not" that "no reasonable juror would find him guilty beyond a reasonable doubt." *Id.* Thus, Petitioner may not rely on the actual innocence exception to excuse his untimely Rule 60(b) motion.

Finally, Petitioner has filed a petition for a writ of *audita quelera*. *See* Docket No. 1320. The basis for this petition is Petitioner's argument that the Supreme Court's decisions in *Rutledge v. United States*, 517 U.S. 292 (1996) and *Richardson v. United States*, 526 U.S. 813 (1999) show that Petitioner is "actually innocent of a series of convictions." Docket No. 1320 at 4.

"A writ of *audita querela* is an extraordinary remedy under the All Writs Act, 28 U.S.C. § 1651(a), and is generally limited to cases where 'the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues.'" *Persico v. United States*, 418 F. App'x 24, 25 (2d Cir. 2011) (quoting *United States v. Richter*, 510 F.3d 103, 104 (2d Cir. 2007)). "Those courts that have analyzed the issue have determined that the writ is generally not available to review a criminal conviction when the petitioner could have raised his or her claim in a 28 U.S.C. § 2255 motion." *Id.* at 25. Indeed, "[c]ourts have determined that *audita querela* is not available even in those cases where a petitioner is precluded from raising his or her claims in a successive § 2255 motion because a previous § 2255 motion was denied on the merits." *Id.* at 25-26. As the Ninth Circuit has noted, "[a] petitioner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the post-conviction remedies that must be filled by the

4

common law writs." *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2001).

Petitioner's § 2255 petition was filed on April 29, 1997. The first Supreme Court case on which he bases his petition—*Rutledge v. United States*, 517 U.S. 292 (1996)—was decided before Petitioner filed his § 2255 petition. Petitioner therefore had the opportunity to raise *Rutledge* in his § 2255 petition. *See Persico v. United States*, 418 F. App'x at 25. The second Supreme Court case on which Petitioner relies—*Richardson v. United States*, 526 U.S. 813 (1999)—was decided after Petitioner filed his § 2255 petition. However, after *Richardson* was decided Petitioner could have sought permission to file a second-or-successive habeas petition pursuant to 28 U.S.C. § 2255(h). Even if that motion would likely have been denied (because *Richardson* does not identify "a new rule of constitutional law," 28 U.S.C. § 2255(h)), the availability of § 2255(h) is sufficient to preclude *audita querela* relief. *See Legrano v. United States*, 513 F. App'x 6, 7 n.1 (2d Cir. 2013). Petitioner's petition for a writ of *audita querela* is therefore denied.

## CONCLUSION

For the reasons stated above, Petitioner's motion for reconsideration (Docket No. 1321) and his petition for a writ of *audita querela* (Docket No. 1320) are both denied.[1] Petitioner's motion for appointment of counsel (Docket No. 1306) is denied as moot.

---

[1] Because the Court denies Petitioner's motion as untimely under Rule 60(c)(1), the Court need not address whether Petitioner's Rule 60(b) motion is, in fact, a motion to file a second-or-successive § 2255 petition which should have been filed with the Second Circuit. *See* 28 U.S.C. § 2255(h); *Gonzalez v. Crosby*, 545 U.S. 524 (2005).

**SO ORDERED.**

Dated: October 14, 2016  	*s/Richard J. Arcara*  
      Buffalo, New York  	HONORABLE RICHARD J. ARCARA  
                                                       UNITED STATES DISTRICT JUDGE