**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

DARRYL JOHNSON,

                 Petitioner,

     v.

                                      92-CR-0159-A

UNITED STATES OF AMERICA,            **DECISION AND ORDER**

                  Respondent.
_____

Judge Curtin sentenced Petitioner to, among other things, five consecutive life sentences and three concurrent life sentences following Petitioner's 1995 plea of guilty to organizing and participating in three murders, attempting seventeen more, kidnapping, and cocaine distribution. In 2001, Judge Curtin dismissed Petitioner's § 2255 motion and denied a certificate of appealability. *See* Docket No. 1092. The Second Circuit likewise denied Petitioner's motion for a certificate of appealability and dismissed Petitioner's appeal of Judge Curtin's decision. *See* Docket No. 1095.

Fourteen years later, Petitioner moved for relief from Judge Curtin's 2001 decision pursuant to Federal Rule of Civil Procedure 60(b)(6). The Court denied that motion (Docket No. 1336), concluding that it was untimely under Rule 60(c)(1); that Petitioner had "provide[d] no reason for his lengthy delay in seeking to reopen Judge Curtin's decision," *id.* at 2; and that Petitioner had not stated a cognizable claim of actual innocence that might excuse his untimely motion. *Id.* at 4. The Court also denied Petitioner's petition for a writ of *audita quelera*. *See id.* at 5. The Second Circuit then denied Petitioner's motion for a certificate of appealability from the Court's Decision and Order. *See* Docket No. 1350 (Mandate).

1

Petitioner has since filed another Rule 60(b) motion. *See* Docket No. 1349. As his previous Rule 60(b) motion did, Petitioner's new Rule 60(b) motion attacks the integrity of habeas proceedings that ended a decade-and-a-half ago. Specifically, Petitioner argues that there was "a defect in the integrity of the federal habeas proceedings, in his 28 U.S.C. § 2255 proceedings, where this Court [i.e., Judge Curtin] dismissed his § 2255, but the Court's dismissal was vacated by the Second Circuit Court of Appeals." *Id.* at 2. Petitioner goes on to argue that, "upon remand this Court failed to notify [Petitioner] that he may seek leave to replead or amend his § 2255 motion that was dismissed." *Id.*

These arguments are not identical to those raised in Petitioner's previous Rule 60(b) motion (Docket No. 1321), but they ultimately seek the same relief: In both his new Rule 60(b) motion and his first Rule 60(b) motion, Petitioner argues that he is entitled to § 2255 relief based on the Supreme Court's decisions in *Rutledge v. United States*, 517 U.S. 292 (1996) and *Richardson v. United States*, 526 U.S. 813 (1999). *See* Docket No. 1349 (new Rule 60(b) motion) at 3-4.

Petitioner's new Rule 60(b) motion is untimely. Rule 60(c)(1) provides that a Rule 60(b)(6) motion, such as Petitioner's, "must be made within a reasonable time." Petitioner seeks to reopen a decision Judge Curtin made sixteen years ago. For the same reasons stated in the Court's 2016 Decision and Order denying Petitioner's Rule 60(b) motion (Docket No. 1336), Petitioner's new Rule 60(b) motion was not filed within a "reasonable time." And as with his prior Rule 60(b) motion, Petitioner's new Rule 60(b) motion identifies "no reason for his lengthy delay in seeking to reopen Judge Curtin's decision," *id.* at 2, nor is any reason apparent from the record.

**CONCLUSION**

For the reasons stated above, Petitioner's Rule 60(b) motion (Docket No. 1349) is denied.[1] Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this Decision and Order would not be taken in good faith. Thus, leave to appeal *in forma pauperis* is denied. Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

Dated: July 5, 2017            _s/Richard J. Arcara_
       Buffalo, New York          HONORABLE RICHARD J. ARCARA
                                   UNITED STATES DISTRICT JUDGE

---

[1] Because the Court denies Petitioner's motion as untimely under Rule 60(c)(1), the Court need not address whether Petitioner's new Rule 60(b) motion is, in fact, a motion to file a second-or-successive § 2255 motion, which should have been filed with the Second Circuit. *See* 28 U.S.C. § 2255(h); *Gonzalez v. Crosby*, 545 U.S. 524 (2005).